## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00277-PAB-KLM

ROGER HILL,

    *Plaintiff,*

v.

MARK EVERETT WARSEWA and
LINDA JOSEPH,

    *Defendants.*

---

## STATE OF COLORADO'S MOTION TO
## INTERVENE FOR A LIMITED PURPOSE

---

The State of Colorado, through Attorney General Cynthia H. Coffman,

submits this Motion to Intervene for a Limited Purpose under Federal Rule of Civil

Procedure 24.

## INTRODUCTION

The State of Colorado seeks intervention in this case for the limited purpose

of raising an Eleventh Amendment jurisdictional objection to the claim asserted in

the complaint.[1] The State's intervention on this subject is necessary because the

---

[1] The Eleventh Amendment to the United States Constitution "bars a citizen from bringing suit against the citizen's own State in federal court." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). By seeking intervention for the limited purpose of raising an Eleventh Amendment objection, Colorado does not waive its sovereign immunity. *Wyandotte Nation v. Kansas City*, 200 F. Supp. 2d 1279, 1291 (D. Kan. 2002) ("Kansas has not waived its Eleventh Amendment immunity from suit by moving to intervene for the limited purpose of filing a motion to dismiss.").

lone claim asserted in the complaint seeks to determine the State's title to lands and thus implicates the State's sovereign interests. The State requests limited purpose intervention, and not broader participation in this case, because it takes no position on the alleged facts giving rise to the fishing-access dispute between Plaintiff and Defendants, nor does it take a position on the propriety of any relief the Court may order that would not implicate the State's sovereign interests. Only if this Court were to reject the State's Eleventh Amendment objection would the State have any continuing interest in this matter.

The State has filed with this Motion to Intervene a motion to dismiss for lack of subject matter jurisdiction and for failure to join a required party, in compliance with Rule 24(c).

## STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.L.Civ.R. 7.1, counsel for the State conferred with counsel for Plaintiff by telephone and via e-mail. Counsel for Plaintiff stated that Plaintiff takes no position on this Motion to Intervene for a Limited Purpose.

The State is not required to serve Defendants with a copy of this motion under Rule 5(a)(2) because Defendants are in default, and, therefore, counsel for the State has not attempted to confer with Defendants.

## ARGUMENT

This is nominally a narrow private dispute about fishing access. Yet Plaintiff Hill asks the Court to declare that the bed of the Arkansas River is "property of the state of Colorado, held by the state of Colorado in trust for the people of Colorado."

2

ECF No. 1, Compl. ¶ 63. Plaintiff's requested declaration of State title would encompass all "portions of the Arkansas River that were used and were susceptible to being used for commercial purposes at the time of statehood," which is alleged to include the riverbed adjacent to Defendants' real property. *Id.* Because Plaintiff's counsel has chosen to frame this case as a question of the State's title to the bed of the River, his claim puts at issue the State's sovereign interests in possessing and regulating lands within its borders.

This Court has authority to tailor the State's intervention to the limited question of whether the Eleventh Amendment bars this suit as currently framed and whether this suit should be dismissed for the failure to join a required party. Because this suit implicates the State's sovereign interests, the Court should grant intervention for a limited purpose as a matter of right under Rule 24(a)(2) or, alternatively, grant permissive intervention for a limited purpose under Rule 24(b).

## I.    This Court has authority to tailor the scope of the State's intervention, allowing it to intervene for the limited purpose of raising sovereign immunity.

Determining title in public lands implicates sovereign interests that require a State's consent under the Eleventh Amendment. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 287–88 (1997) (holding that a complaint was barred by the Eleventh Amendment because it would "affect Idaho's sovereign interest in its lands and waters"); *see also id.* at 284 ("[N]avigable waters uniquely implicate sovereign interests."). The State seeks intervention in this case for the limited purpose of raising an Eleventh Amendment objection to a claim that attempts to affect the State's title to land within its borders. The State takes no position on the factual

3

allegations regarding fishing access raised in the complaint. It therefore has no reason to participate in this case other than for the limited purpose of asserting an Eleventh Amendment jurisdictional objection.[2]

This Court has authority to tailor Colorado's intervention and to excuse Colorado from proceedings that do not affect the State's interests. Fed. R. Civ. P. 24, advisory committee's note to 1966 amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."); 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1922 (3d ed. 1998) (explaining that a court "may if it chooses impose conditions on its grant of [intervention]"). Intervention for a limited purpose is common and most often takes the form of limiting "participation by the intervenor … to certain issues." *Id.*

Courts, including the District of Colorado, frequently allow sovereign entities to intervene for the limited purpose of asserting sovereign immunity. *Ctr. for Biological Diversity v. Pizarchik*, 858 F. Supp. 2d 1221, 1224 (D. Colo. 2012) (allowing an Indian Tribe to "intervene … for the limited purpose" of arguing that "this action must be dismissed because the Nation is a required party but cannot be joined as a result of its sovereign immunity"); *see also, e.g.*, *Wyandotte Nation*, 200 F. Supp. 2d 1279, 1291 (D. Kan. 2002) (granting Kansas's motion to intervene and

---

[2] If this Court grants intervention but rejects the State's Eleventh Amendment argument, the State may be required to make further arguments regarding Plaintiff's ability to bring a claim regarding title to the relevant lands, including prudential and jurisdictional standing, lack of a cause of action, failure to state a claim upon which relief may be granted, and others.

holding that "Kansas has not waived its Eleventh Amendment immunity from suit by moving to intervene for the limited purpose of filing a motion to dismiss" based on that immunity); *Alto v. Black*, 738 F.3d 1111, 1119 (9th Cir. 2013) (discussing an Indian Tribe's intervention for the limited purpose of asserting lack of jurisdiction due to sovereign immunity); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wis. 2004) ("[E]ntities that have sovereign immunity … may intervene for a limited purpose such as moving to dismiss the lawsuit for failure to join an indispensable party without waiving their sovereign immunity."). Here, the State of Colorado seeks to intervene only to oppose a claim that is barred by the State's immunity under the Eleventh Amendment. This Court accordingly may grant the State limited participation in this case.

## II.  Colorado is entitled to intervene for a limited purpose under Rule 24(a)(2) because the claim in this case seeks to determine Colorado's title to land.

Colorado is entitled to intervene of right in this matter under Rule 24(a)(2) because Plaintiff's requested declaratory relief could directly affect the State's sovereign interests in possessing and regulating lands within its borders. Like any applicant, Colorado is entitled to intervene under Rule 24(a)(2) if it can demonstrate that (1) the motion is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) disposing of the action may impair or impede its ability to protect its interest; and (4) existing parties to the action do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a)(2). The Tenth Circuit follows a "somewhat liberal line in allowing intervention" *WildEarth*

5

*Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (quotation omitted). Colorado satisfies all four elements.

   ***First***, the State's motion is timely because Defendants have not answered the complaint and indeed have not yet even appeared in this action. And although the Clerk of Court entered default against Defendants because of their non-appearance, ECF No. 15, the Court has not yet entered default judgment.[3] The only deadline on the Court's docket is a status conference before Magistrate Judge Mix, scheduled for May 29. *See Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418–19 (10th Cir. 1984) (explaining that timeliness requires consideration of all relevant facts and circumstances, including the stage of litigation at which intervention is sought). Furthermore, Eleventh Amendment immunity is a question that "may be raised at any time." *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008).

   ***Second***, the State has a direct, substantial, and legally protectable interest in this case because the complaint requests a declaration as to the State's title to certain lands. *See* ECF No. 1, Compl. ¶ 63. The State takes not position on whether determining its title in the riverbed is necessary to resolve this narrow dispute about fishing access.[4] But if this Court were to proceed to determine the title

---

   [3] The State takes no position on whether Plaintiff is entitled to default judgment or any other form of judgment; it seeks only to ensure that whatever relief may be granted to Plaintiff does not implicate the State's sovereign interests regarding title to land.

   [4] Determining that question may be unnecessary, for example, because adequate relief may be available under state tort or property law or under equitable principles. *See, e.g.*, *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 496 (2001) (explaining that a court has discretion to fashion equitable relief according to the "necessities of the public interest"); *Hecht Co. v. Bowles*, 321 U.S.

question, "the State has an interest independent of and behind the titles of its citizens, in all the earth and air within its domain." *Georgia v. Tenn. Copper Co.,* 206 U.S. 230, 237 (1907). Determining a State's title in lands directly implicates the State's sovereign and Eleventh Amendment interests. *Coeur d'Alene Tribe,* 521 U.S. at 287–88. Among other things, determining title in this case could have tax implications and may raise questions about other parcels of land, which are not and have never been considered to be public.

**Third**, it is the State's responsibility—not the responsibility of one individual litigant—to protect its sovereign interests. As such, the State's significant interests in protecting its Eleventh Amendment immunity, in making legal and policy decisions about public lands, and in deciding whether to assert title to lands currently held by private parties, will be impaired if the question of title is decided without the State's consent or participation. *See* Fed. R. Civ. P. 24(a)(2); *see also WildEarth Guardians*, 573 F.3d at 995 (describing the burden of establishing impairment as "minimal" and requiring only a showing that impairment "is possible if intervention is denied"). Proceeding in this case to determine title to the relevant lands, without the State's consent, would directly impair the State's ability to protect its sovereign and policy interests and its role with respect to those lands.

---

321, 329 (1944) ("The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it."). Indeed, the Complaint alleges that Plaintiff already received some measure of relief under state law, given that one Defendant pleaded guilty to menacing for incidents described in the complaint. ECF No. 1, Compl. ¶ 45.

**Fourth**, it is impossible for any of the private parties to adequately represent the State's sovereign interests in lands within Colorado's borders or with respect to the public policy issues the State must consider when questions of title are implicated. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (holding that when sovereign interests are involved, it is "on its face impossible" that other parties will adequately represent those sovereign interests). None of the other parties can represent the State's sovereign and public policy interests that may be affected by a case seeking to establish public title to lands currently held by private parties.

### III.   The State satisfies the standard for permissive intervention under Rule 24(b) because its sovereign interests share common questions of both law and fact with the assertions made in the complaint.

Even if this Court denies intervention of right, it should grant the State permissive intervention for a limited purpose under Rule 24(b). Permissive intervention is appropriate where the movant timely files and has a claim or defense that shares a common question of law or fact with the main action. Fed. Rule Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is within the Court's discretion. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

Colorado meets both requirements for permissive intervention. First, the State's motion is timely, as explained above. Second, the claims or defenses the State may assert share common questions of law and fact with the claims and defenses already at issue in this litigation. The State seeks intervention for the limited purpose of protecting its sovereign interests that would be affected by the

8

requested declaration that the State holds title to certain lands currently held in title by private parties. Although that state interest is distinct from the other parties' interests, the issues of law and fact are common to the claim raised in the complaint, given that Plaintiff has explicitly sought to litigate the question of public title. Accordingly, the Court should allow Colorado to permissively intervene for a limited purpose, even if it were to deny intervention of right.

## CONCLUSION

The State of Colorado requests that the Court grant it leave to intervene under Rule 24(a)(2) for the limited purpose of protecting the sovereign interests that would be affected by the requested declaration that the State holds title to certain lands currently held in title by private parties. Alternatively, the State requests that this Court permit the State to intervene for that same limited purpose under Rule 24(b).

Respectfully submitted May 7, 2018.

CYNTHIA H. COFFMAN
Attorney General

*/s/ Frederick R. Yarger*

FREDERICK R. YARGER*
Solicitor General

SCOTT STEINBRECHER*
Senior Assistant Attorney General

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203

Telephone: (720) 508-6000

E-mail:
 fred.yarger@coag.gov
 scott.steinbrecher@coag.gov

**Counsel of Record for Proposed Limited-
Purpose Intervenor State of Colorado*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following e-mail addresses:

> Alexander Neville Hood
> Towards Justice—Denver
> alex@towardsjustice.org
> Counsel for Plaintiff Roger Hill

> Mark S. Squillace
> University of Colorado School of Law
> Mark.Squillace@colorado.edu
> Counsel for Plaintiff Roger Hill

Under Federal Rule of Civil Procedure 5(a)(2) Defendants have not been served because they are in default for failing to appear.

*/s/ Amy Holston*