IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00277-PAB-KLM

ROGER HILL,

    *Plaintiff*,

v.

MARK EVERETT WARSEWA and
LINDA JOSEPH,

    *Defendants*.

**MOTION TO DISMISS BY
PROPOSED LIMITED-PURPOSE INTERVENOR
STATE OF COLORADO**

Proposed Limited-Purpose Intervenor State of Colorado, through Attorney General Cynthia H. Coffman, submits this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).

**INTRODUCTION**

Plaintiff Hill's requested relief attempts to transform a private dispute over fishing access into an adjudication of Colorado's sovereign rights. He asks the Court to declare the bed of the Arkansas River "property of the state of Colorado, held by the state of Colorado in trust for the people of Colorado." ECF No. 1, Compl. ¶ 63. As framed, this claim implicates sovereign interests that are outside this Court's jurisdiction absent the State's consent under the Eleventh Amendment.

Because the State has not consented to this suit and Congress has not abrogated Colorado's immunity, Plaintiff's putative title claim is barred and this

1

Court is without jurisdiction to hear it. Additionally, given the relief requested, the State is a required party which cannot be joined due to its immunity from suit. Therefore, the State asks the Court to dismiss Plaintiff's putative title claim under Rule 12(b)(1) or 12(b)(7).

The State reserves all other claims and defenses that it would be entitled to raise if the Court were to deny this motion, including preliminary defenses such as prudential and jurisdictional standing, lack of a cause of action, failure to state a claim upon which relief may be granted, and others.

## STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.L.Civ.R. 7.1, counsel for the State conferred with counsel for Plaintiff by telephone and via e-mail. Counsel for Plaintiff stated that Plaintiff would take no position on this Motion to Dismiss until given the opportunity to review it.

The State is not required to serve Defendants with a copy of this motion under Rule 5(a)(2) because Defendants are in default, and, therefore, counsel for the State has not attempted to confer with Defendants.

## ARGUMENT

**I.  The Eleventh Amendment applies to Plaintiff's putative title claim because that claim seeks to affect the State's sovereign interests in lands.**

The Eleventh Amendment forecloses suits by private citizens against non-consenting States in federal court. *Port Auth. Trans-Hudson Corp. v. Feeney,* 495

U.S. 299, 304 (1990).[1] It is "a bar to the exercise of federal subject matter jurisdiction," *Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted), and, accordingly, it forbids not only the entry of judgment against a State but also the initiation of legal proceedings altogether, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996). It thereby avoids "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (quotation omitted).

The Eleventh Amendment's prohibition extends to actions affecting a State's sovereign interest in land. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 287 (1997) (holding that the *Ex parte Young* exception to sovereign immunity is inapplicable where a successful claim would affect a State's "sovereign interest in its lands and waters"); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 257 (2011) (noting that the suit in *Coeur d'Alene Tribe* "was 'the functional equivalent of a quiet title suit against Idaho,' would 'extinguish ... the State's control over a vast reach of lands and waters long deemed by the State to be an integral part of its territory,' and thus was barred by sovereign immunity") (quoting *Coeur d'Alene Tribe*, 521 U.S. at 282).

---

[1] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. CONST. amend. XI. It covers suits by both citizens of the affected State and citizens of other States. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).

In this case, even though Colorado is not named as a defendant, Plaintiff's requested relief is jurisdictionally barred by the Eleventh Amendment because it seeks to affect the State's sovereign interest in lands. *See Lewis v. Clarke*, __ U.S. __, 137 S. Ct. 1285, 1290 (2017) ("If … an action is in essence against a State even if the State is not a named party, then the State is the real party in interest and is entitled to invoke the Eleventh Amendment's protection."). It is immaterial that the complaint seeks to *establish* title in the State rather than *extinguish* the State's title as in *Coeur d'Alene Tribe*. The Eleventh Amendment prevents private parties from forcing a State to litigate its rights in federal court altogether. *See P.R. Aqueduct*, 506 U.S. at 146. This is true regardless of whether the relief requested would nominally *expand* or *restrict* the State's rights. *Id.*[2] Pursuing such expansion or restriction—or not—is a matter of sovereignty reserved to the State.

## II. Sovereign immunity requires dismissal of the putative title claim because the State has not voluntarily waived its sovereign immunity, nor has Congress abrogated it.

To avoid the State's sovereign immunity under the Eleventh Amendment, Plaintiff must demonstrate that the State voluntarily waived or Congress abrogated that immunity. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Plaintiff cannot meet this burden.

---

[2] An ostensible expansion of Colorado's title to land underlying the Arkansas River could have far-reaching effects on the State's obligations, including under tax laws and environmental regulations. Additionally, declaring the Arkansas to be "navigable" could expand federal jurisdiction over its waters.

The State has not voluntarily waived its sovereign immunity against federal court suits to determine its title in lands. To the contrary, Colorado has expressly preserved its sovereign immunity from suit in this case by seeking intervention for the limited purpose of raising that issue. *See Wyandotte Nation v. Kansas City*, 200 F. Supp. 2d 1279, 1291 (D. Kan. 2002) ("Kansas has not waived its Eleventh Amendment immunity from suit by moving to intervene for the limited purpose of filing a motion to dismiss.").

Nor can Plaintiff show Congressional abrogation of Colorado's immunity. Abrogation requires unmistakably clear language in a federal statute. *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989). A general authorization for suit does not suffice, *Seminole Tribe,* 517 U.S. at 56, and the party seeking to invoke the federal court's jurisdiction bears the burden of proof, *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

The Supreme Court has already held that claims to determine state ownership of lands beneath water bodies—the precise claim raised in this case—is barred by the Eleventh Amendment. *Coeur d'Alene Tribe*, 521 U.S. at 287. The complaint alleges that 28 U.S.C. § 1331, the general federal question jurisdiction statute, provides jurisdiction for Plaintiffs' putative title claim, that statute does not contain the "unmistakably clear" language necessary to abrogate the State's immunity. *Dellmuth*, 491 U.S. at 228; *see also High Country Citizens All. v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (stating that § 1331 "does not independently waive the Government's sovereign immunity" and "will only confer subject matter

5

jurisdiction where some other statute provides such a waiver"). And although Plaintiff seeks only declaratory judgment and not damages, the Eleventh Amendment conclusively applies to suits seeking declaratory relief. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (" Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

Because Plaintiff cannot show that Colorado's immunity has been waived or abrogated by Congress, his putative title claim must be dismissed.

### III. Additionally, Plaintiff's putative title claim must be dismissed because the State is a required party under Rule 19(b) but cannot be joined due to sovereign immunity.

"A finding of indispensability under Fed. R. Civ. P. 19(b) has three parts." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012). First, "the court must find that a prospective party is 'required to be joined' under Rule 19(a)." *Id.* Second, the court "must determine that the required party cannot feasibly be joined." *Id.* Third, under Rule 19(b), the court must determine "whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed" without them. *Id.* (quoting Fed. R. Civ. P. 19(b)). If all three parts are met, "then the action 'should be dismissed.'" *Id.* (quoting Fed. R. Civ. P. 19(b)). All three parts of the Rule are satisfied here.

As to the first part of the Rule 19(b) test, Colorado is a "required party" under Rule 19(a) because it "claims an interest relating to the subject of the action"— specifically, whether the State should be declared to have title to the riverbed of the Arkansas—and because "disposing of the action in [Colorado's] absence may … as a

6

practical matter impair or impede [its] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). That is, if Plaintiff's requested declaration were granted, it would "effectively abrogate the [State's] sovereign immunity by adjudicating its interest in [title to the riverbed] without consent." *Enter. Mgmt. Consultants, Inc. v. U.S. ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989) (refusing to adjudicate a sovereign Indian Tribe's rights in a contract without its consent).

The second part of an indispensability finding is also satisfied. Colorado cannot feasibly be joined to this action because, as discussed above, it is immune from suit under the Eleventh Amendment. *See, e.g.*, *Wyandotte Nation*, 200 F. Supp. 2d at 1291 ("[A State] is a party whose joinder cannot be compelled.")

Finally, the third part is satisfied because this action cannot "in equity and good conscience" proceed without Colorado's participation. Rule 19(b) lists four factors that the court should consider in making this determination, although when "a necessary party under Rule 19(a) is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b)." *Enter. Mgmt. Consultants,* 883 F.2d at 894 (quotations omitted); *see also Ctr. for Biological Diversity v. Pizarchik*, 858 F. Supp. 2d 1221, 1228 (D. Colo. 2012) (stating that "although the Rule 19(b) factors still must be considered," when a required party is immune from suit, the court's "discretion in balancing the equities ... is to a great degree circumscribed, and the scale is already heavily tipped in favor of dismissal") (quotation omitted).

The four factors listed in Rule 19(b) weigh in favor of dismissal here. Those factors are:

7

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

As to the first factor, "where sovereign immunity is asserted, prejudice to the absent sovereign's interests is nearly a foregone conclusion." *Pizarchik*, 858 F. Supp. 2d at 1228; *see also Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008) ("[D]ismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign."). And as noted above, a judgment rendered without Colorado's participation will prejudice its substantial interests by determining the State's title to land without its consent or input. *See N. Arapaho Tribe*, 697 F.3d at 1282 ("This prejudice test is essentially the same as the inquiry … into whether continuing the action without a person will, as a practical matter, impair that person's ability to protect his interest relating to the subject of the lawsuit.").

As to the second factor, the only way to lessen or avoid the prejudice to Colorado is to deny the sole claim raised by Plaintiff. It would be impossible to grant Plaintiff's requested relief without prejudicing the State's sovereign interests. This factor thus weighs in favor of dismissal of Plaintiff's claim as it currently stands.

The third factor addresses whether a judgment rendered in Colorado's absence would be "adequate." This factor is "not intended to address the adequacy of the judgment from the plaintiff's point of view," but to "address the adequacy of the dispute's resolution." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1292–93 (10th Cir. 2003); *see also Pimentel*, 553 U.S. at 870–71 (explaining that the third factor "refers to the public stake in settling disputes by wholes" and addresses the "social interest in the efficient administration of justice and the avoidance of multiple litigation"). Permitting this litigation to proceed—particularly where the Defendants have not entered an appearance and the Clerk has entered default against them, ECF No. 15—could not settle the question of the State's title, because the State would not be bound as a matter of claim or issue preclusion by a judgment entered in its absence. *See Pizarchik*, 858 F. Supp. 2d at 1229; *N. Arapaho Tribe,* 660 F. Supp. 2d at 1282. This factor therefore weighs in favor of dismissal.

The final factor is whether the plaintiff would have an adequate remedy if the action were dismissed. This too weighs in favor of dismissal. In the absence of Colorado's joinder, Plaintiff cannot obtain his requested relief—a determination of Colorado's title to land. And even if dismissal would leave Plaintiff "without a forum for definitive resolution of [his] claim[ ]," that is an inherent possibility of Rule 19(b) that does not outweigh the other factors, particularly in the sovereign immunity context. *Pizarchik*, 858 F. Supp. 2d at 1230; *see also United States ex rel. Hall v. Tribal Dev. Corp.,* 100 F.3d 476, 480 (7th Cir.1996) ("A plaintiff's inability to seek relief … does not automatically preclude dismissal, particularly where that inability

9

results from … exercise of [the] right to sovereign immunity."); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990) ("Sovereign immunity may leave a party with no forum for its claims.").[3] It is clear that "this final factor … can be outweighed by the weight of the first three factors in favor of dismissal." *N. Arapaho Tribe,* 660 F.Supp.2d at 1283. That is the case here.

## CONCLUSION

The claim that the bed of Arkansas River is "property of the state of Colorado, held by the state of Colorado in trust for the people of Colorado" should be dismissed for lack of jurisdiction under Rule 12(b)(1) or 12(b)(7).

Respectfully submitted May 7, 2018.

---

[3] The State takes no position on other potential avenues of relief that Plaintiffs may seek under state law or equitable principles. It objects only to a claim implicating its sovereign rights.

CYNTHIA H. COFFMAN
Attorney General

*/s/ Frederick R. Yarger*

FREDERICK R. YARGER*
Solicitor General

SCOTT STEINBRECHER*
Senior Assistant Attorney General

Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203

Telephone: (720) 508-6000

E-mail:
 fred.yarger@coag.gov
 scott.steinbrecher@coag.gov

**\***Counsel of Record for Proposed Limited-Purpose Intervenor State of Colorado*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following e-mail addresses:

>Alexander Neville Hood
>Towards Justice—Denver
>alex@towardsjustice.org
>Counsel for Plaintiff Roger Hill
>
>Mark S. Squillace
>University of Colorado School of Law
>Mark.Squillace@colorado.edu
>Counsel for Plaintiff Roger Hill

Under Federal Rule of Civil Procedure 5(a)(2) Defendants have not been served because they are in default for failing to appear.

<em>/s/ Amy Holston</em>